**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmal Dushawn Stoute-Shukri', | No. CV-19-05797-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 11) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition and a certificate of appealability be denied. (Doc. 11 at 9–10). Judge Bibles advised the parties that they had fourteen days from the date of service to file specific written objections with the Court. (*Id.*) Petitioner filed an objection to the R&R on March 1, 2021 (Doc. 14), and Respondents filed their response on March 15, 2021 (Doc. 15). Petitioner also filed an unsanctioned reply in support of his objections (Doc. 16). The Court has considered the objections and reviewed the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I.  Background**

Petitioner was orally sentenced for his crimes on February 2, 1997. He timely appealed, and the Arizona Court of Appeals affirmed. Before the Arizona Supreme Court issued its Mandate on March 23, 1998, Petitioner properly filed a Notice of Post-

Conviction Relief ("PCR") with the Maricopa Superior Court on March 12, 1998. The Superior Court denied Petitioner's PCR petition and on March 22, 2000, the Arizona Court of Appeals considered his petition but denied review. The record does not show that Petitioner sought review of the appellate court's denial, and the date by which Petitioner could have done so was April 22, 2000.

Before filing his federal Petition, Petitioner filed additional state PCR petitions. Petitioner filed a second state PCR petition on September 30, 2013, over 12 years after his first PCR petition became final. (Doc. 7-4 at 213–21, 223–29). The trial court dismissed the second petition as untimely (*id.* at 232), and the Arizona Court of Appeals granted review but denied relief. (Doc. 7-5 at 2–5). Petitioner filed a third state PCR petition on March 3, 2017. (Doc. 7-5 at 7). The state court again denied relief, stating that "Defendant fails to state a claim for which relief can be granted in an untimely and successive Rule 32 proceeding." (*Id.* at 30–33). The Arizona Court of Appeals granted review but denied relief, finding the petition successive. The Arizona Supreme Court denied review on July 22, 2019. (Doc. 15-1).[1]

Petitioner filed his federal habeas Petition on December 9, 2019. Therein, he raises three grounds for relief: (1) that he was illegally sentenced in violation of his Fifth, Sixth, and fourteenth Amendment rights; (2) that he was denied his Sixth Amendment right to confront a victim that did not testify; and (3) that his Fifth, Sixth and Fourteenth

---

[1] The record before the Magistrate Judge did not include the Arizona Supreme Court's refusal to review the denial of Petitioner's third PCR petition, only the Arizona Court of Appeals' order granting review but denying relief. Accordingly, in her discussion of whether Petitioner was diligent in pursuing his federal habeas claim, the Magistrate Judge stated that Petitioner "allowed more than twenty months to pass between the date his last state action of post-conviction relief concluded and his filing of the instant petition." (Doc. 11 at 7). Petitioner explains in his Objection that he did in fact petition the Arizona Supreme Court for review of the court of appeals denial, and on July 22, 2019, the Arizona Supreme Court denied relief. (Doc. 14 at 10). Respondents confirm as much in their Response. Accordingly, Petitioner is correct in that it was five months, not twenty, after the Arizona Supreme Court denied Petitioner's third PCR action that Petitioner filed his federal habeas Petition. But this does not make the Petition timely because the third petition itself was found to be untimely, and thus not properly filed under the Antiterrorism and Effective Death Penalty Act of 1996. Nor does the purported diligence establish extraordinary circumstances that would equitably toll the statute of limitations. Accordingly, this minor error does not alter the Magistrate Judge's conclusion that the Petition is untimely, having been filed 19 years after his first Petition became final.

Amendment rights to counsel were violated when trial counsel failed to argue that a favorable change in state sentencing law should apply retroactively to Petitioner's sentence. (Doc. 1 at 6–8).

**II.     The R&R and Petitioner's Objections**

The R&R recommends dismissing the Petition as untimely. The Court agrees with its findings. The Magistrate Judge correctly found the Petition should be dismissed for failure to meet the AEDPA's one-year limitation period. That period started to run when Petitioner's convictions became "final by the conclusion of direct review of the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] The Magistrate Judge found that Petitioner's convictions became final on April 22, 2000, when the time expired for Petitioner to seek review of the appellate court's denial of his PCR petition. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s one-year statute of limitations, Petitioner's deadline to seek federal habeas review was April 23, 2001. 28 U.S.C. §§ 2254(d)(1)–(2). He did not file his Petition until December 9, 2019. Absent statutory or equitable tolling, his federal Petition is untimely.

**A.     Statutory Tolling**

Petitioner argues he filed his federal Petition within five months after his third state PCR petition became final. He argues that his third state PCR was "properly filed" under 28 U.S.C. § 2254(d)(2) and thus the statute should not have started running until that judgment became final, making his federal Petition timely.

AEDPA's one-year limitation period statutorily tolls while a prisoner's "*properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application for state PCR is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" including "the time

---

[2] Later commencement times can result from a state-created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Except as discussed herein, Petitioner offers no argument that any of these subsections apply.

limits upon its delivery. . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). If a state court rejects a petitioner's PCR petition as untimely, it cannot be "properly filed" and the petitioner is not entitled to statutory tolling. *Allen v. Sibert*, 552 U.S. 3, 6–7 (2007) ("Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a 'condition to filing[.]'"); *Pace v. DiGuglielmo*, 544 U.S. 408, 417–418 (2005) (holding that "time limits, no matter their form, are 'filing' conditions").

If a petitioner files an application after the generally applicable state time limit, a court may nonetheless consider the application to be "properly filed" if it fits within an exception to that limit. *Pace*, 544 U.S. at 413. However, simply because state law may recognize exceptions to the state's timely filing requirements does not mean a late application may not be deemed improperly filed: when the application does not fit within any exceptions to the time limit it is still improperly filed. *Id.* at 408. As the Supreme Court held in *Pace*, "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal brackets and quotation marks omitted). In so holding, the Court reasoned that:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.* at 413. Moreover, even if the state court provides alternative grounds for disposing of the state application, a ruling that the application was untimely precludes it from being "properly filed" and tolling the federal limitations period. *Carey v. Saffold*, 536 U.S. 214, 225–26 (2002).

Here, the R&R found "more than one year of untolled time passed between the date [Petitioner's] conviction became final and the filing of" the Petition." This is correct. Petitioner's second PCR petition, filed on September 30, 2013, or twelve years after his conviction became final, was untimely filed. The Arizona appeals court refused

to excuse the untimeliness of Petitioner's second PCR petition under one of Arizona's statutory exceptions, holding that Petitioner's "lack of familiarity with the applicable law does not constitute 'newly discovered evidence' that entitles him to raise this claim in an untimely petition for post-conviction relief." (Doc. 7-5 at 5). This finding ends this Court's query as to whether Petitioner's second state PCR petition was "properly filed." *Szabo v. Ryan*, 2011 WL 5439006, *8 (D. Ariz. Oct. 24, 2011) ("The state court's interpretation of whether a state petition is untimely governs whether a post-conviction process has become final for purposes of AEDPA. . ."), *aff'd*, 571 F. App'x 585 (9th Cir. 2014).

Moreover, Petitioner's third PCR filing had no effect on the statute of limitations. Although a petitioner is entitled to statutory tolling during the time that he is seeking "one full round" of collateral review in state court, *Carey*, 536 U.S. at 220–222, untimely successive PCR petitions do not toll the limitations period. *See* 28 U.S.C. § 2244(d)(2); Ariz. R. Crim. P. 32.1(b)–(h), 32.4(a) (successive PCR proceeding is limited to certain claims); *Artuz*, 531 U.S. at 8. *See also Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (holding that only the time period during which a round of state habeas review is pending tolls the statute of limitation and that periods between different rounds of collateral attack are not tolled). Where, as here, Petitioner's third PCR petition was untimely and not exempt from the preclusion rules, the petition was not properly filed, and Petitioner is not entitled to statutory tolling for the time that his third PCR proceeding was pending.

Because both Petitioner's second and third PCR petitions were ultimately found to be untimely and successive, they were not "properly filed" for purposes of AEDPA's one-year limitation. *Pace*, 544 U.S. at 413. *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Petitioner's untimely PCR proceedings therefore had no statutory tolling effect on AEDPA's statute of limitations, and the time period during which Petitioner pursued his untimely PCR

petitions through the state courts does not subject it to statutory tolling. His objections are overruled.

### B. Equitable Tolling

Petitioner also argues that the time between his conviction and his discovery of his trial counsel's failure to raise the arguments in Grounds 1 and 3 in February of 2017 should be equitably tolled.

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.)).

"[E]xtraordinary circumstances" justifying equitable tolling of the statute of limitations must be attributable to an external force rather than a petitioner's lack of diligence or his lack of legal knowledge. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Further, a petitioner must establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007).

Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). A habeas counsel's negligence is

not generally a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). *See also Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) ("The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures."); *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (quotation omitted). Instead, an attorney's misconduct must rise to the level of extraordinary circumstances. *See Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) (concluding that a habeas attorney's repeated failures to respond to a client's inquiries over a period of years, and demands for timely action, might establish equitable tolling); *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (allowing equitable tolling where petitioner's counsel was hired almost a year in advance, failed to do anything to prepare the petition or to respond to numerous letters and phone calls, and withheld petitioner's file for over two months after the limitations period expired).

      Petitioner argues that his lateness in filing his federal habeas action should be excused because he only discovered in February 2017 that his trial counsel was ineffective by failing to argue that his sentence was illegal following a change in state law. Petitioner's 2017 discovery that his trial attorney failed to make a legal argument and that his PCR counsel failed to raise an ineffective assistance of counsel claim on these grounds does not amount to extraordinary circumstances that justify tolling the time in which he should have filed his federal Petition. Discovery of a legal argument years after a conviction is final does not justify tolling the statute of limitations for a federal habeas petition. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). The Magistrate Judge thoroughly explained that Petitioner's ignorance of the law does not constitute circumstances justifying

equitable tolling because such circumstances are not "extraordinary." (Doc. 11 at 8–9). And even if Petitioner's PCR counsel failed to raise a legal argument in his first PCR proceeding, the Court declines to find that this conduct amounts to an extraordinary circumstance that tolls the federal statute of limitations to make these claims. *Coleman*, 501 U.S. at 752. Petitioner argues that the ineffective assistance of his PCR counsel falls within the narrow exception recognized in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) such that the Court should review his claim. In making this argument, Petitioner confuses the limited circumstances under which a court may excuse the procedural default of a claim with circumstances that amount to "extraordinary" that may justify the equitable tolling of AEDPA's one year statute of limitations. *See id.* (holding that in narrow circumstances, the ineffective assistance of PCR counsel can constitute cause for procedural default of claim for ineffective assistance of trial counsel). *Martinez* simply does not apply in assessing a claim for equitable tolling.[3] These circumstances are not extraordinary and do not justify application of the equitable tolling doctrine. Petitioner's objections in this regard are overruled.

## C. Stay Request

Petitioner also asks the Court to stay his Petition so that he may return to the state court and present his Rule 32.1(c) illegal sentence claim, which he says can be decided under "the new rules governing post-conviction relief" and has never been decided on the merits. Petitioner specifically argues that the state court rejected his Rule 32.1(c) claims—that his sentence was not authorized by law—because at the time, Arizona's procedural rules precluded him from raising such a claim in a successive Rule 32 proceeding. Rule 32.4(b)(3)(B) now allows for a Rule 32.1(c) claim to be brought in a successive petition "within a reasonable time after discovering the basis of the claim."

---

[3] Relatedly, Petitioner also argues that the constitutional violations he has asserted establish grounds for equitable tolling. (Doc. 14 at 6). While the "cause and prejudice" standard for avoiding a procedural default requires the habeas court to consider the merits of the constitutional claims, the equitable tolling standard does not. Rather, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. That a claim may have merit is not sufficient, or even relevant, to the equitable tolling determination.

Ariz. R. Crim. P. 32.4(b)(3)(B). That may be true, but the state court also found Petitioner's Rule 32.1(c) claim was precluded under 32.2(a)(2) because Petitioner had "raised his A.R.S. § 13-604 arguments in the last Rule 32 proceeding and on appeal, [and so] he is precluded from asserted them" again. (Doc. 7.5 at 31 (citing Ariz. R. Crim. P. 32.2(a)(2)) (precluding a defendant from relief under Rule 32.1 that has been "finally adjudicated on the merits. . . in any previous post-conviction proceedings. . ."). Because this claim has already been adjudicated on the merits, and thus is precluded, the Court does not see reason to stay these proceedings so that Petitioner may return to state court to raise his Rule 32.1(c) claim in a fourth state habeas petition. This request is denied.

### III. Conclusion

In sum, Petitioner's Petition is untimely, and he has failed to show any basis for statutory or equitable tolling. The Court will therefore accept the recommended decision of the R&R and overrule Petitioner's objections. *See* 28 U.S.C. § 636(b)(1).

Accordingly,

**IT IS ORDERED** that Petitioner's Objection to the R&R (Doc. 14) is **OVERRULED** and the R&R (Doc. 11) **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** and that a Certification of Appealability is **DENIED** because the dismissal of the Petition is justified by a plain procedural bar, reasonable jurists would not find the ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's request for a stay of these proceedings is **DENIED**.

///
///
///
///
///
///

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) and terminate this action.

Dated this 8th day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge